UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dearborn Federal Savings Bank
a Federal Savings Bank,

Plaintiff,

v.

Case No.: 13-10833
Honorable Sean F. Cox

Federal Deposit Insurance Corporation, as
Receiver for Warren Bank

Defendant.
_______________________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

This is a breach of contract case arising out of a mortgage priority dispute between Plaintiff Dearborn Federal Savings Bank ("DFSB" or "Plaintiff") and the Federal Deposit Insurance Corporation as Receiver for the now-defunct Warren Bank ("FDIC" or "Defendant"). This case has a long and detailed procedural history stemming from a previous state court case in which both Plaintiff and Defendant were parties.

This matter is currently before the Court on Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. #10), and Plaintiff's Motion for Leave to File An Amended Complaint (Doc. #18). The motions have been extensively briefed by the parties. For the following reasons, this Court GRANTS Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and DENIES Plaintiff's Motion for Leave to File an Amended Complaint.

**BACKGROUND**

Plaintiff and Warren Bank both possessed mortgage interests in the same piece of residential

real property located in Dearborn, MI. (Def.'s Mo. at 1). Warren Bank had foreclosed on its mortgage interest prior to FDIC being appointed as its receiver. (Def.'s Mo. at 1). Plaintiff maintains that at all times it has asserted the priority of its mortgage interest over any interest held by Warren Bank. (Pl.'s Resp. at 2-3).

On October 2, 2009, Defendant FDIC was appointed receiver for Warren Bank. As required by the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA")[1], the Defendant published notice of claims presentment in two Detroit newspapers on October 8, 2009, November 9, 2009, and December 9, 2009. (Def.'s Mo. at 2). This explicitly notified Warren Bank's outstanding creditors that any and all claims against Warren Bank must be submitted to Defendant in compliance with the statutory administrative process set forth in FIRREA. (Def.'s Mo. at 2). Among other things, the notice stated that the Proof of Claim was required to be filed no later than January 6, 2010. (Def.'s Mo. at 2).

Plaintiff filed its administrative Proof of Claim with the Defendant on January 12, 2010 – six days after the deadline. (Pl.'s Resp. at 4). Plaintiff admits that it had actual notice of the receivership as early as October 2009, but did not timely file its claim with the FDIC due to the fact that it was allegedly misinformed of the claims bar deadline by counsel for Warren Bank. (Pl.'s Resp. at 4).

Because Plaintiff filed its claim late, Defendant was required to, and did, in fact, disallow Plaintiff's mortgage priority claim. (Pl.'s Resp. at Ex. C, attached Ex. N); *see also* 12 U.S.C. §

---

[1] 12 U.S.C. § 1811, *et. seq.* Section 1821(d)(3)(B) requires that "the receiver, in any case involving the liquidation or winding up of the affairs of a closed depository institution, shall –

> (i) promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice . . ." 12 U.S.C. § 1821(d)(3)(B)(i).

1821(d)(5)(C)(i)[2]. In its Notice of Disallowance letter, Defendant informed Plaintiff that disallowance for untimely filing was final and not reviewable. (Pl.'s Resp. at Ex. N, attached to Ex. C). Prior to its administrative claim being disallowed, however, Plaintiff had filed suit against Defendant in Wayne County Circuit Court, requesting that court determine the priority of those parties' mortgage interests. (Def.'s Mo. at 1).

At some point after the commencement of the state court action, Plaintiff and Defendant became aware of a lucrative opportunity to sell the property in dispute. In order to facilitate that sale despite the pending litigation, the parties entered into an Escrow Agreement. (*See generally* Escrow Agreement, attached to Pl.'s Compl. at Ex. A). This Escrow Agreement was executed by the parties and entered by Judge Kathleen MacDonald on October 6, 2010.

On May 13, 2011, Defendant filed its Motion for Summary Disposition, by which it challenged the state court's subject matter jurisdiction over the mortgage priority dispute. (*See* Def.'s Mo. at 5). Specifically, Defendant argued that Plaintiff had failed to follow the administrative process for preserving its mortgage priority claim because it filed its Proof of Claim late and, therefore, FIRREA "withdrew the power of all courts to hear the claim." (Def.'s Mo. at 5). In other words, Defendant argued that no court had jurisdiction to entertain Plaintiff's claim.

Judge MacDonald of the Wayne County Circuit Court agreed. Ruling from the bench, Judge MacDonald stated that:

> because you [Plaintiff] did not file [sic] the administrative process and you didn't

---

[2] "(C) Disallowance of claims filed after end of filing period

> (i) In general
>
> > Except as provided in clause (ii), claims filed after the date specified in the notice published under paragraph (3)(B)(i) shall be disallowed and such disallowance shall be final."

> appeal that denial, I think all of your claims are extinguished finally . . . the federal statute deprives courts of jurisdiction over claims . . . in the absence of strict compliance with an exhaustion of a statutorily mandated administrative process.

(Def.'s Mo. at Ex. 3). Judge MacDonald subsequently entered an order dismissing Plaintiff's complaint, and denied as futile Plaintiff's request to amend its complaint to add a breach of contract count. (Def.'s Mo. at Ex. 4). Plaintiff's Motion for Reconsideration was denied, and the Michigan Court of Appeals affirmed the lower state court's judgment. (Def.'s Br. at Ex. 5).

Plaintiff filed the instant federal action on February 28, 2013, alleging that Defendant breached the Escrow Agreement by seeking dismissal of the state court action for lack of subject matter jurisdiction rather than litigating the priority dispute on the merits. (*See* Pl.'s Compl at ¶ 23). Plaintiff would have brought this same count in state court, had Judge MacDonald allowed it to file an amended complaint.

On May 30, 2013, Defendant filed a Motion for Order to Release Escrow in the state court action, claiming that it was entitled to the escrowed funds because the court entered a final and binding judgment dismissing Plaintiff's claims and Plaintiff had exhausted its right to appeal that judgment. (Def.'s Mo. at Ex. 11).

On June 7, 2013, Judge MacDonald granted Defendant's motion and issued an order releasing the escrow funds in Defendant's favor. (Def.'s Supp. Br. at Ex. 13). In that Order, Judge MacDonald stated that "all terms and conditions of the stipulated Escrow Agreement between Plaintiff and Defendant, dated May 21, 2010, and the Stipulated Order Transferring Parties' Interests to Sale Proceeds and Discharging Notice of *Lis Pendens*, dated October 6, 2010, have been fulfilled." (Def.'s Supp. Br. at Ex. 14).

Defendant moved to dismiss Plaintiff's federal Complaint on May 31, 2013, (Doc. #10), on

the basis that Plaintiff's claim is an impermissible collateral attack on the state court's judgment, in violation of the *Rooker-Feldman* doctrine. Defendant later filed supplemental briefing on its motion to dismiss, (Doc. #14), arguing that the state court's release of escrow funds collaterally estopped Plaintiff from litigating its breach of contract claim before this Court. (*See generally* Def.'s Supp. Br., Doc. #14).

On September 26, 2013, this Court heard oral argument regarding Defendant's Motion to Dismiss. At that time, this Court advised the parties that Defendant's motion to dismiss would be taken under advisement, but granted Plaintiff's request for leave to file a Motion for Leave to File a First Amended Complaint. (*See* Order of 9/27/13, Doc. #17).

Plaintiff filed its Motion for Leave to File an Amended Complaint on October 9, 2013 (Doc. #18). Plaintiff attached its proposed amended complaint, which sets forth two new counts: Count II - Estoppel/Reformation, and Count III - Unlawful Taking. This Court heard oral argument on Plaintiff's motion on January 9, 2014.

## ANALYSIS

### 1) This Court Dismisses Plaintiff's Claim For Lack Of Subject Matter Jurisdiction Pursuant to FRCP 12(b)(1)

The existence of subject matter jurisdiction may be challenged at any time, by any party. *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Indeed, this Court may examine its subject matter jurisdiction to hear a claim *sua sponte*. *Id.*

Plaintiff's claim against Defendant, as Receiver for Warren Bank, is governed by FIRREA. FIRREA's administrative scheme is mandatory, and it limits the jurisdiction of courts of law to adjudicate claims against the FDIC regarding the assets of a failed banking institution.

To begin, FIRREA states that "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). This section appears to establish federal question jurisdiction in any case in which the FDIC is a party. However, a later section entitled "Limitation on judicial review," states that

> Except as otherwise provided in this subsection, **no court shall have jurisdiction over** —
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(3)(D) (emphasis added). Courts have held that "the specific jurisdictional provision of section 1821(d)(13)(D) [controls] over the more general jurisdictional grant found in 12 U.S.C. § 1819(b)(2)(A)." *Lloyd v. F.D.I.C.*, 22 F.3d 335, 337 (1st Cir. 1994). Additionally, section 1821(d)(13)(D) has been interpreted as "imposing a statutory exhaustion requirement" rather than created an absolute jurisdictional bar. *Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 385 (6th Cir. 2008). Thus, this Court does not have jurisdiction to hear Plaintiff's claim unless it has exhausted its administrative remedies as set forth in section 1821(d). *Id.*

Plaintiff admits that it filed its claim after the Claims Bar Date. (Pl.'s Resp. at 4). Based on this uncontroverted fact and pursuant to FIRREA, Plaintiff's claim was properly disallowed and Plaintiff had no right to appeal that disallowance. 12 U.S.C. § 1821 (d)(5)(C)(i) (stating that "claims filed after the date specified in the notice published . . . shall be disallowed and such disallowance

shall be final."). This section may not apply to an untimely claim where the claimant did not have notice of the appointment of a receiver, but this exception does not apply here given that Plaintiff admitted it had notice of the appointment of the FDIC as Receiver as early as nearly four months prior to the Claims Bar Date. Therefore, because Plaintiff did not follow the administrative process for pursuing a claim against the assets of a failed bank for which the FDIC is a receiver, this Court has no jurisdiction to hear Plaintiff's claims against the FDIC – regardless of how Plaintiff titles its claims. *See* 12 U.S.C. § 1821(d)(13)(D).

Plaintiff, at oral argument on these motions, appeared to take the position that this Court has jurisdiction over this case pursuant to 1821(d)(6). Section 1821(d)(6) sets forth the mechanism by which a claimant can seek review of the FDIC's disallowance of a timely filed claim:

> Before the end of the 60-day period beginning on the earlier of –
>
> (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or
>
> (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i),
>
> the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim . . . in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located . . . .

12 U.S.C. § 1821(d)(6)(A). Plaintiff appears to argue that its timely filing of a Second Proof of Claim, pursuant to the FDIC's "Notice To Discovered Claimant" letter ("the Letter") dated April 18, 2012, confers jurisdiction on this Court because Plaintiff has followed the administrative process with respect to the Second Proof of Claim. (*See* Notice to Discovered Claimant Letter, attached to Pl.'s Mo. To Amend at Ex. C; *see also* Plaintiff's Second Proof of Claim, attached to Pl.'s Mo. To

Amend at Ex. D).

This Court finds the filing of the Second Proof of Claim inapposite. Plaintiff has not provided this Court with any authority holding that the Letter provides the Plaintiff with a fresh start at compliance with the administrative process, nor that its timely filing of a Second Proof of Claim negates the untimely filing (and final disallowance) of a prior Proof of Claim.

To the contrary, the Letter expressly states that "[b]ecause the Claims Bar Date has passed, you must prove to the Receiver's satisfaction that you did not receive notice of the appointment of the Receiver in time to file a claim before the Claims Bar Date in order for the Receiver to consider your claim." ( Pl.'s Mo. To Amend at Ex. C). The Letter further directs Plaintiff to submit a new proof of claim with "supporting documentation regarding both your claim and your compliance with the late-filed claim exception." (Pl.'s Mo. To Amend at Ex. C).

Plaintiff could not, and cannot, establish that its claim falls within the late-filed exception because it had notice of the appointment of a receiver well in advance of the Claims Bar Date. This Court finds that section 1821(d)(6) does not resurrect Plaintiff's otherwise permanently disallowed claim.

FIRREA only confers subject matter jurisdiction upon this Court to adjudicate disputes between claimants and the FDIC as Receiver in extremely limited circumstances. Plaintiff has not shown that any of those circumstances are present here. Moreover, Plaintiff failed to follow the administrative process in the early stages of this case, and that failure forever bars Plaintiff from pursuing its mortgage priority claim. Therefore, this Court GRANTS Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court finds, *sua sponte*,

that it lacks subject matter jurisdiction to hear the case.[3]

**2) This Court Denies Plaintiff's Motion For Leave To File An Amended Complaint As Futile**

At oral argument on Defendant's Motion to Dismiss, Plaintiff requested permission to file a Motion for Leave to File An Amended Complaint, which this Court granted. (Doc. #17). Plaintiff filed that motion on October 9, 2013, seeking to add two additional counts to its single count complaint: Count II - Reformation/Estoppel, and Count III - Unlawful Taking. (Doc. #18). Defendant filed its response in opposition to Plaintiff's motion on October 24, 2013, arguing that Plaintiff's proposed amendments are futile. (Doc. #20). Plaintiff declined to file a reply.

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

A motion to amend a complaint under Rule 15(a)(2) may be denied if the proposed amendment is futile. *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005); *Moher v. United States*, 875 F. Supp. 2d 739, 747-48 (W.D. Mich. 2012), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment to a complaint is futile if it would not survive a motion to dismiss. *Miller v. Calhoun County,* 408 F.3d 803, 817 (6th Cir. 2005).

This Court finds that Plaintiff's proposed amendments would be futile because this Court lacks subject matter jurisdiction to hear Plaintiff's claims against the FDIC as Receiver for Warren

---

[3] Defendant argued that Plaintiff's Complaint should be dismissed because its claim is barred by the *Rooker-Feldman* doctrine and collateral estoppel. Because this Court dismisses Plaintiff's Complaint on independent jurisdictional grounds, it declines to opine on the merits of Defendant's other arguments.

Bank. This conclusion applies with equal force to Plaintiff's breach of contract claim, as well as its proposed reformation and unlawful taking claims. Furthermore, Plaintiff's proposed unlawful taking claim is futile because "it is well settled that a plaintiff may not bring a constitutional tort claim against a federal agency like the FDIC." *Salt Lick Bancorp v. F.D.I.C.*, 187 Fed. App'x. 428, 436 (6th Cir. 2006), *citing FDIC v. Meyer*, 510 U.S. 471, 483-86 (1994).

Based on the foregoing, this Court DENIES Plaintiff's Motion for Leave to File An Amended Complaint.

**CONCLUSION & ORDER**

For the reasons set forth above, this Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and DENIES Plaintiff's Motion for Leave to File an Amended Complaint as futile.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 29, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 29, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager